**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2158-WJM

SYLVESTER E. BLATTENBAUER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING TO THE COMMISSIONER**

---

    This is a social security benefits appeal is brought under 42 U.S.C. § 405(g). Plaintiff Sylvester E. Blattenbauer ("Plaintiff"), challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying him disability and social security benefits. The denial was affirmed by an Administrative Law Judge ("ALJ"), who ruled that Plaintiff met at least one of three tests which determine Substantial Gainful Activity ("SGA") and was, therefore, found not to be disabled within the meaning of the Social Security Act ("Act"). This appeal followed.

    For the reasons set forth below, the ALJ's decision is reversed and the case is remanded to the Commissioner for rehearing.

### I.  BACKGROUND

#### A.    Nature of the Case and Procedural Background

    This case presents a request for review of a final administrative decision of the Commissioner that the Social Security Administration (the "Agency") overpaid Plaintiff

$88,610.00.

In April 2007, the Agency found Plaintiff disabled as of August 27, 2005, with disability insurance benefit (DIB) payments payable beginning March 2006. (Admin. Record ("R.") at 20.) The DIB amounts received ranged between $1724-1750.00 per month. (*Id.*)

In February 2010, and notwithstanding the DIB payments that had been made to Plaintiff, the Agency determined that Plaintiff was not qualified for such payments because he had engaged in SGA since August 2005. (R. 20.) The Agency issued a notice informing Plaintiff that he had been overpaid to the sum of $88,610.00. (R. 350-54.) The Agency denied Plaintiff's request for reconsideration in September 2010. (R. 355-59).

Plaintiff timely requested a hearing before an ALJ. (R. 365). The ALJ held two hearings: one in September 2011 (R. 534-85) and one in January 2012. (R. 491-533.) On March 16, 2012, the ALJ issued a decision, in which he concluded that Plaintiff was not disabled under the Act at any time because Plaintiff had continued to engage in SGA since his alleged onset date.[1] (R. 20-27.) The Appeals Council declined review in February 2012 (R. 5-9). This appeal followed.

---

[1] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, (10th Cir. 1988.)

**B.     Factual Background**

During 2006 and 2007, Plaintiff reported on his tax returns that he operated a business called Viking Auto Body.  (R. 410-413; 417-420). Plaintiff testified that the business never made a profit.  (R. 501).  In 2006, there was a loss of $10,021.00 (R. 408.)  In 2007, there was a loss of $22,970.00.  (R. 415.) There was no business activity in 2008.  (R. 422.)  The business was shut down in 2008 because of lack of profit and conflicts with county zoning laws and the home owner's association.  (R. 506, 549, 550, 132, 142-149).

The business handled a substantial amount of money because Plaintiff invested $18,300 from the sale of a motor home (R. 425, 426, 504, 527) and $135,539.93 from retirement accounts (R. 427-432, and 503, 527) to build a shop and buy tools, so the business could operate.  (R. 580-584).  Plaintiff purportedly did not work on the vehicles but hired workmen to do same.  Because the Viking business was not financially solvent, on April 5, 2007, Plaintiff applied for Social Security benefits. (R. 29-36.)

The Agency sent a letter to Plaintiff dated June 29, 2007 advising him in part as follows: "We found that you became disabled under our rules on August 27, 2005...After that you will receive $1,724 on or about the fourth Wednesday of each month.'  (R. 95.)

## II.  STANDARD OF REVIEW

The Court reviews decisions of the Commissioner to determine (1) whether substantial evidence in the record as a whole supports the factual findings, and (2) whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Although a district court will "not reweigh the evidence or retry the case," a district court "meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007); *see also* 42 U.S.C. § 405(g). As the Tenth Circuit observed in *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993), the ALJ also has a basic duty of inquiry to "fully and fairly develop the record as to material issues." *Id.* This duty exists even when the claimant, as here, is represented by counsel. *Id.* at 480.

## III.  ANALYSIS

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff then filed this action seeking review of that decision. On appeal, Plaintiff raises several interrelated issues for consideration—the primary issue being whether the ALJ erred in failing to apply the correct legal standards to the relevant evidence because the ALJ mistook evidence in the record as income. (R. 341-348.) Bound within this issue is whether the ALJ erred because the decision was not based on substantial evidence,

and whether the ALJ erred because the record was not fully and fairly developed.

For reasons stated below, the Court finds that the ALJ erred in failing to apply the correct legal standards under the statute. Such error requires remand. Because of this same deficiency, the Court also finds that the record has not been not fully and fairly developed and, as such, it was not supported by substantial evidence to determine whether Plaintiff engaged in SGA. It follows that these related issues also warrant reversal and remand for further consideration. *See Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996) (recognizing remand is appropriate if further fact finding is needed).

### A.     The ALJ Erred in Application of the relevant SGA Tests

Plaintiff attacks the ALJ's findings by contending that he did not correctly apply the correct legal standards when determining whether Plaintiff had been engaged in SGA. (ECF No. 17 at 5; ECF No. 20 at 3-5.) Pursuant to 20 CFR 404.1575 (a)(2), the three tests in determining SGA for a self-employed claimant, include:

> **Test One:** "You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a *substantial income* from the business."
>
> **Test Two:** "You have engaged in substantial gainful activity if your work activity, in terms of factors such as *hours, skills, energy output, efficiency, duties, and responsibilities, is comparable* to that of *unimpaired individuals* in your community who are in the same or similar businesses as their means of livelihood. We will evaluate your work activity based on the value of your services to the business regardless of whether you receive an immediate income for your services."
>
> **Test Three:** "You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is *clearly* worth the amount shown in § 404.1574(b)(2) when considered in terms of its *value to the business*, or when *compared to the salary* that an owner would pay to an employee to do the work you are doing." (*emphasis added*.)

Here, the Court finds that the ALJ erred in application of Test One. The ALJ's error can be isolated to the ultimate conclusion of fact and law. Relevantly, the ALJ stated:

> The issue here is whether the claimant has engaged in Substantial Gainful Activity (SGA) for the period in question. I find that the claimant received income in the form of salary of $1,750 per month. Thus, the claimant has engaged in SGA for the period in question.

(R. 21)

The evidence that purportedly supported the ALJ's factual and legal conclusion was predicated on an interrogatory that Plaintiff had (incorrectly) filled out in separate legal proceedings. (ECF No. 17 at 7-8.) Specifically, Plaintiff had filled out an interrogatory referencing his Social Security benefit as 'income', as opposed to his actual income for the relevant period (which he now claims was zero). (*Id.*)

Notwithstanding this error, the ALJ relied upon this evidence for the purposes of meeting Test One; evidence that is clearly wrong as a matter of fact and which is conceded in the Commissioner's Response Brief. There, the brief repeatedly states that the $1750.00 amount was *not* salary and that: (1) the ALJ had "mistakenly considered Plaintiff's receipt of monthly Social Security benefits", or (2) that the ALJ had "mischaracterizat[ed]" the Plaintiff's Social Security benefits in the decision. (*emphasis added.*) (ECF No. 19 at 8, 11-14.)

Because the Commissioner concedes that the ALJ mistakenly considered Plaintiff's receipt of Social Security benefits as income, application of Test One is a similarly mistaken test and constitutes reversible error for at least two reasons. (*Id.*) First, the ALJ has not correctly applied the correct legal test to determine SGA. The ALJ has, instead, relied upon a Social Security amount; rather than an 'actual' salary or

'income' as mandated under Test One.  *See Wall*, 561 F.3d at 1052 (stating that a district court must look to whether the correct legal standards were applied.)

Second, and related to the first reason, the evidence upon which the ALJ has relied (to satisfy Test One) is insubstantial.  It is not based on evidence of Plaintiff's income, but Plaintiff's benefit which derives from the Agency itself.  *Lax*, 489 F.3d at1084 (stating that substantial evidence "requires more than a scintilla, but less than a preponderance.")  Again, this only reinforces the need for remand.

The Commissioner counters that Test Two (and possibly Test Three) are satisfied in the alternative. But on closer inspection of the ALJ's decision, there is no clear analysis of those two tests.  In analyzing those tests, the ALJ continued to make reference to the $1750.00 amount that constituted error with respect to Test One—*i.e.*, the ALJ stated that Plaintiff received a salary of $1750.00 per month from Viking Auto Industry.  (R. 26)  But the Commissioner has conceded that this specific amount was not salary; rather, it was a Social Security payment.  It simply cannot be both, irrespective of what test is applied. Such evidence is not substantial, nor has the correct evidence been applied to the correct standard.  This alone warrants reversal and remand of the ALJ's decision.  *See Flaherty,* 515 F.3d at 1070 (stating that the district court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings.")

Additionally, the Court further notes that instead of marshaling the relevant facts under Test Two and Test Three—and formulating a conclusion for each test—the ALJ applies a 'shot gun' approach in the analysis.  The ALJ provides a cascade of facts at R.

26-27 without specifically stating which facts are relevant to which test (*i.e.*, Test Two or Test Three). For example, with respect to Test Two, the test is a multi-factor analysis. It is a fact intensive test. The relevant factors include (1) hours, (2) skills, (3) energy output, (4) efficiency, (5) duties, and (6) responsibilities. To satisfy the test, those factors are then compared to that of unimpaired individual in the community to determine whether the claimant has engaged in SGA. In the ALJ's decision, there is little (if any) effort to marshal facts relevant to these factors—and there is certainly no analysis of fact or law of what a comparable tradesman would do in the automotive field, nor how s/he would engage in similar business. Without such findings (and application of same), the analysis is threadbare requiring further consideration by the ALJ; ever more so in a case where the Agency first found that Plaintiff was 'disabled' under the statute, then later found the contrary to be the case. Further factual finding and analysis is clearly required.

Accordingly, the ALJ has failed to fully and fairly develop the record with respect to Test Two and Test Three.[2] These deficiencies should be corrected and properly developed if the ALJ seeks to rely upon these tests on remand. *Baca*, 5 F.3d 476 at 480 (stating that the ALJ also has a basic duty of inquiry to 'fully and fairly develop the record as to material issues.")

---

[2] Upon remand, the Court further notes that evidence going to points (1)-(6) may exist in the record and, if so, the ALJ must take steps to identify those facts and marshal them in such a ways that there is clear application of law and fact in the record to ensure that it is fully and fairly developed. To the extent that these reason also apply to application of Test Three, the ALJ should take steps in the analysis to apply the correct findings of fact to the relevant law. *See Wall*, 561 F.3d at, 1052 (stating that failure to apply correct legal standards).

**B.    Harmless Error**

Courts apply harmless error cautiously in the administrative review setting. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (stating that courts must "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.")

Here, and to the extent that harmless error is argued by the Commissioner, that argument should be rejected. The Court has no confidence that the factual deficiencies in this case could be resolved another way because the ALJ applied: (1) evidence that was clearly wrong in application of Test One (which is now admitted by the Commissioner)—*i.e.* a Social Security benefit of $1750.00 cannot be considered a salary for SGA purposes (*see* ECF No. 19 at 8, 11-14); and (2) for reasons stated above, application of Test Two and Test Three is plagued with application of the same (incorrect) evidence in Test One—specifically, the $1750.00 amount was mistakenly denoted as salary by the ALJ.[3]  Under a harmless error analysis, more is required. *Allen v*, 357 F.3d at 1145.

---

[3] The Court notes that Plaintiff seems to make a cogent argument regarding application of Test Two and Test Three—*i.e.*, "[for] the self employment services to have value, the business itself must have value. Unfortunately the business resulted in the loss of Plaintiff's retirement savings (R. 502,503,527 & 564) and motor home (R. 504, 527). There is no doubt that Plaintiff tried but he could not make the business profitable. There is no evidence in the record that the business or Plaintiff's services ever had any value. If Plaintiff had built a valuable business then his services would have had value whether or not even he was not receiving any income. Clearly his services had no value in this losing venture. Therefore there is no SGA pursuant to Test Two." (ECF No. 20 at 5.) Notwithstanding this, the Court notes that there are several damaging credibility findings in the ALJ decision at R. 21-25.  These may also be relevant to the final analysis, but because the ALJ made reference to the mistaken amount of $1750.00 being salary, not Social Security benefit, with respect to application of all three tests, the ALJ has erred and remand is required.

9

**D.      Remaining Arguments**

Plaintiff raises additional issues related to the sufficiency of the underlying proceedings.  But because the Court finds error in the ALJ's decision for the reasons stated above, it need not address the other arguments raised by Plaintiff.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal).

The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered.   However, the Court notes that it is critical that the ALJ fulfill his duty to fully and fairly develop the record—particularly if analysis is made of Test Two and Test Three on remand.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Dated this 19th day of August, 2013.

BY THE COURT:

William J. Martínez
United States District Judge